IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTERVET INC., and<br>BTG INTERNATIONAL LIMITED | )<br>)<br>) | |
| Plaintiffs, | )<br>) | Civil Action No.: 05-887-KAJ |
| v. | )<br>) | **JURY TRIAL DEMANDED** |
| MERIAL LIMITED, | )<br>) | |
| Defendant. | ) | |

## INTERVET AND BTG'S ANSWER TO DEFENDANT MERIAL'S COUNTERCLAIMS

Plaintiffs Intervet Inc. ("Intervet") and BTG International Limited ("BTG") (collectively "Plaintiffs") reply to the like-numbered paragraphs of the counterclaims portion of Defendant Merial Limited's ("Merial") Answer, Affirmative Defenses, and Counterclaims as follows:

2. Plaintiffs admit that this purports to be an action for declaratory judgment of noninfringement, invalidity, and unenforceability of United States Patent No. 5,587,166, but deny the merits of Merial's counterclaims.

3. Admitted.

4. Admitted.

5. Admitted.

6. Plaintiffs admit that Merial's counterclaims purport to arise under Title 35 of the United States Code and hence jurisdiction would be proper, but deny the merits of Merial's counterclaims.

7. Admitted.

## COUNT I

### Declaration of Noninfringement

8.  Paragraph 8 merely incorporates Merial's allegations made in previous paragraphs, and therefore no separate response is required.

9.  Admitted.

10. Plaintiffs deny the allegations of paragraph 10 and reassert that Merial has willfully infringed the '166 patent.

11. Plaintiffs deny the allegations of paragraph 11 and reassert that Merial has willfully infringed the '166 patent.

## COUNT II

### Declaration of Invalidity

12. Paragraph 12 merely incorporates Merial's allegations made in previous paragraphs, and therefore no separate response is required.

13. Plaintiffs admit that Merial's counterclaims purport to raise a case or controversy regarding the validity of the '166 patent, but deny the merits of Merial's claims of invalidity.

14. Denied.

15. Denied.

## COUNT III

### Declaration of Unenforceability

16. Paragraph 16 merely incorporates Merial's allegations made in previous paragraphs, and therefore no separate response is required.

17. With respect to paragraph 17, Plaintiffs admit that the '166 patent issued on December 24, 1996. Plaintiffs are without sufficient information to know what Merial means by "corresponds to" and, therefore, deny the remaining allegations of paragraph 17.

18. With respect to paragraph 18, Plaintiffs admit only that on or about April 5, 1994, Akzo Pharma B.V. submitted a notice of opposition against European Patent No. 0 287 206.

19. With respect to paragraph 19, Plaintiffs admit that Intervet International B.V. is a Dutch corporation with its principal place of business in Boxmeer, Netherlands. Plaintiffs also admit that Akzo Nobel Inc. is a wholly-owned subsidiary of Akzo Nobel N.V.. Plaintiffs deny all other allegations in this paragraph.

20. With respect to paragraph 20, Plaintiffs admit only that Akzo Pharma B.V. filed an opposition to European Patent No. 0 287 206 and that as part of those opposition proceedings, a December 4, 1995 letter was sent to the European Patent Office. Plaintiffs deny any other characterizations of the opposition and any other allegations in this paragraph.

21. With respect to paragraph 21, Plaintiffs admit only that the following letters were sent to the following parties on the following dates: July 6, 1994 letter from the European Patent Office ("EPO") to British Technology Group Ltd.; July 14, 1994 letters from the EPO to British Technology Group Ltd.; July 26, 1994 letter from British Technology Group Ltd. to the EPO; and a August 10, 1994 letter from the EPO to British Technology Group, Ltd.. Plaintiffs deny any further characterizations of these various letters. At the present time, Plaintiffs are without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 21, and on that basis deny the remaining allegations.

22. At the present time, Plaintiffs are without knowledge or information sufficient to admit or deny the allegations of paragraph 22, and on that basis deny these allegations.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Admitted.

28. With respect to paragraph 28, Plaintiffs admit that a reexamination request was granted on April 5, 2006 that included citations to thirteen references and listed eleven questions of patentability. Plaintiffs deny the remaining allegations of paragraph 28.

29. Plaintiffs admit that Merial's counterclaims purport to raise a case or controversy regarding the enforceability of the '166 patent, but deny the merits of Merial's claims of unenforceability.

30. Plaintiffs admit only that 37 CFR § 1.56 provides, in part, that "[e]ach individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office . . .." Plaintiffs deny all other allegations of this paragraph.

31. Denied.

32. Denied.

33. Denied.

WHEREFORE, Plaintiffs request a judgment as follows:

(a)     rejecting all causes of action set forth in Merial's counterclaims;

(b)     dismissing Merial's counterclaims with prejudice;

(c)     awarding to Plaintiffs reasonable attorneys' fees and costs incurred in litigating the counterclaims pursuant to 35 U.S.C. § 285.

(d)     awarding Plaintiffs such further relief as this Court or jury may deem just and equitable.

Respectfully submitted,

*/s/ Karen E. Keller*

Karen E. Keller (No. 4489)
YOUNG CONAWAY STARGATT &
    TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
(302) 571-6600
kkeller@ycst.com
Attorneys for Plaintiff Intervet Inc.

OF COUNSEL:

Richard L. DeLucia
Michael D. Loughnane
KENYON & KENYON
One Broadway
New York, NY 10004
(212) 425-7200

Dated: June 30, 2006

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on June 30, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Frederick L. Cottrell, III [cottrell@rlf.com]
Kelly E. Farnan [farnan@rlf.com]

Thomas J. Kowalski   [TKowalski@flhlaw.com]

Judy Jarecki-Black [Judy.Jarecki@Merial.com]

Frank G. Smith, III [frank.smith@alston.com]
Robert L. Lee [Bob.Lee@alston.com]
J. Patrick Elsevier [pelsevier@alston.com]
Elizabeth K. Haynes [beth.haynes@alston.com]

I further certify that on June 30, 2006, I caused a copy of the foregoing document to be served on the above-listed counsel in the manner indicated:

### *By Hand Delivery and E-mail*

Frederick L. Cottrell, III [cottrell@rlf.com]
Kelly E. Farnan [farnan@rlf.com]
RICHARDS, LAYTON & FINGER
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 658-6541

### *By E-Mail*

Thomas J. Kowalski   [TKowalski@flhlaw.com]
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue
New York, NY 10151 USA
(212) 588-0800

Judy Jarecki-Black [Judy.Jarecki@Merial.com]
Director, Global IP Management
Merial, Ltd.
3239 Satellite Blvd.
Duluth, GA 30096
(678) 638-3805

Frank G. Smith, III [frank.smith@alston.com]
Robert L. Lee [Bob.Lee@alston.com]
J. Patrick Elsevier [pelsevier@alston.com]
Elizabeth K. Haynes [beth.haynes@alston.com]
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
(404) 881-7683


YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Karen E. Keller*
John W. Shaw (No. 3362)
Karen L. Pascale (No. 2903)
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
Email: kkeller@ycst.com
*Attorneys for Plaintiffs, Intervet Inc.
and BTG International Limited*